UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WYNDHAM VACATION OWNERSHIP, INC.,**

       Plaintiff,

v.                                                   Case No: 6:14-cv-68-Orl-40KRS

**LISA MILOSZEWSKI,**

       Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR . . . APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE (Doc. No. 67)** |
| **FILED:** | **August 21, 2014** |

### I. PROCEDURAL HISTORY.

Plaintiff Wyndham Vacation Ownership, Inc. ("Wyndham") filed suit against its former employee, Defendant Lisa Miloszewski, for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, violation of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, *et seq.*, and conversion. Doc. No. 1. Miloszewski asserted counterclaims against Wyndham for unpaid overtime and retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Doc. No. 49. Miloszewski also alleged retaliation under the Florida Whistleblower Act, Fla.

Stat. § 448.101, *et seq.*, and interference with leave rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*

On August 7, 2014, the parties advised the Court that they had reached a full settlement of the case. Doc. No. 64. The parties filed a joint motion for approval of the settlement agreement on August 21, 2014. Doc. No. 67. In the motion they asked the Court to approve the FLSA portion of the settlement agreement, and they stipulated to dismissal of this case with prejudice. The parties attached to their motion a fully executed copy of their settlement agreement. Doc. No. 67-1 (the "Settlement Agreement"). The motion was referred to me for issuance of a Report and Recommendation.

After review of the Settlement Agreement, I issued a supplemental briefing order which directed the parties to address whether the settlement was fair and reasonable in light of concerns pertaining to the Settlement Agreement's general release. Doc. No. 69. Counsel for the parties submitted a joint supplemental memorandum in support of approval of the settlement. Doc. No. 70. Miloszewski subsequently submitted a document on her own behalf opposing the approval of the settlement. Doc. No. 71.[1]

I held a hearing on October 9, 2014, on the fairness and reasonableness of the FLSA portion of the Settlement Agreement. Doc. No. 73. Miloszewski, her counsel, and counsel for Wyndham attended the hearing. *Id.* During the hearing, Miloszewski stated that she worked for Wyndham for thirteen years and that she had no other employment during that time.[2] She stated that she worked an average of eight hours of overtime weekly for which she was not paid. Miloszewski

---

[1] Because Miloszewski is represented by counsel in this case, I ordered her *pro se* filing to be stricken in accordance with Local Rule 2.03(d). Doc. No. 72.

[2] A transcript of the hearing had not been filed when this Report and Recommendation was prepared. The party objecting to this Report and Recommendation, if any, must cause a transcript to be prepared for review by the presiding District Judge.

also indicated that, upon consultation with counsel, she voluntarily signed the Settlement Agreement. At the conclusion of the hearing, Miloszewski withdrew her objection to approval of the Settlement Agreement.[3]

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir.. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food*, a court may only enter a judgment approving a settlement after it determines that the judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013), and that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished decision cited as persuasive authority). If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the

---

[3] Miloszewski indicated that she construed my supplemental briefing order (Doc. No. 69) to be an invitation to renegotiate all of the terms of the Settlement Agreement. I explained that the reference in that order to submitting an amended Settlement Agreement was applicable only to narrowing the general release if counsel thought it necessary to do so in order for the Settlement Agreement to be fair and reasonable. With that explanation, Miloszewski withdrew her objection to the fairness of the settlement of her FLSA claims. Miloszewski did not contend that she did not enter into a binding Settlement Agreement.

Court must consider the reasonableness of attorney's fees when "a settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III. ANALYSIS.**

    *A.    Terms of the Settlement Agreement.*

The Settlement Agreement provides that Wyndham and Miloszewski release all claims against each other. Doc. No. 67-1 at 4-5. Wyndham agrees to pay $23,000.00 to Finnigan Law Firm, P.A as payment of attorneys' fees for defending Miloszewski against Wyndham's claims and as additional monetary consideration for the general release. *Id.* at 8.[4] Wyndham also agrees to pay Miloszewski and the Finnigan Law Firm, P.A. $1,000.00, each, as additional consideration for the settlement of Miloszewski's FLSA claim. *Id.* Miloszewksi also acknowledges receipt of a $1,000.00 Best Buy gift card as a full settlement of all claims she may have concerning any damage sustained to the laptop she produced to Wyndham for forensic examination in the litigation. *Id.* at 7.

    *B.    Whether the Settlement Agreement is a Compromise.*

Miloszewski contended that she was entitled to approximately $53,000.00 in unpaid overtime and liquidated damages for her FLSA claims.[5] Under the Settlement Agreement, Miloszewski will receive $1,000.00 for her FLSA claims. Doc. No. 67-1 at 8. Because Miloszewski will receive under the Settlement Agreement less than the amount she claims she is

---

[4] The Settlement Agreement also states that separate IRS Forms 1099 would issue to the law firm and Miloszewski regarding this payment. Doc. No. 67-1 at 8. Therefore, it appears that Miloszewski will receive some portion of this payment as separate consideration for her general release.

[5] The parties' supplemental brief indicates that Miloszewski originally claimed that she worked eight to ten hours of overtime each week for which she was not compensated, for total damages of $53,000.00, but that Miloszewski reduced her damage claims to $2,816.10. Doc. No. 70 at 4. At the hearing, however, Miloszewski clarified that she has not reduced the amount of her overtime claim.

entitled to under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.

        *C.     Whether the Settlement is Fair and Reasonable.*

Because Miloszewski has compromised her FLSA claims, the Court must evaluate whether the settlement is fair and reasonable. Counsel indicate that Wyndham paid Miloszewski an average of eight overtime hours each week and that there is a dispute as to whether Miloszewski worked any additional overtime hours. Doc. No. 67 at 6. Thus, there are *bona fide* disputes regarding Miloszewski's FLSA overtime claim.

The parties represent that they negotiated the settlement over the course of a twelve-hour mediation session with a professional mediator. Doc. No. 70 at 2. Miloszewski was offered a twenty-one day period of time to review the Settlement Agreement, and she could have revoked the Settlement Agreement up to seven days after its execution. Doc. No. 67-1 at 10-11. She did not revoke the Settlement Agreement. Both parties were represented by counsel and, at the hearing, Miloszewski expressed that she was satisfied with her counsel. Thus, Miloszewski was represented by competent counsel in an adversary context. *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."). The parties also represent that the Settlement Agreement satisfies the parties' desire to avoid the risks, uncertainties, and time and expense associated with further litigation. Doc. No. 67-1 at 1. In particular, Miloszewski is resolving Wyndham's claims against her without paying any money to Wyndham[6] and her attorney has agreed to accept the amount paid to him under the Settlement Agreement as full compensation for fees Miloszewski owes him.

---

[6] At the hearing, counsel for Wyndham indicated that Wyndham's claim for damages was in excess of $200,000.00.

I have also considered the parties' mutual general release of claims. Some judges in the district have expressed the view that an overbroad general release undermines the fairness of an FLSA settlement. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010) (a general release clause renders an FLSA settlement agreement unfair when the plaintiff compromised his claim). Other judges in the district have approved settlement agreements with general release clauses in cases in which the clause was supported by adequate, independent consideration. *See, e.g., Middleton v. Sonic Brands L.L.C.*, No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100.00 as separate consideration for a general release clause). Some judges in the district have also found a mutual general release to provide adequate consideration for a broad release of claims by a plaintiff in an FLSA case. *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12-cv-150-Orl-36KRS, 2012 WL 2191299, at *2-3 (M.D. Fla. May 31, 2012) (approving settlement agreement with a mutual general release), *report and recommendation adopted*, 2012 WL 2191492 (M.D. Fla. Jun. 14, 2012); *see also Williams v. Superior Aircraft Servs., Inc.*, No. 6:13-cv-1726-Orl-31DAB, Doc. Nos. 24-1, 25 (M.D. Fla. Apr. 24 & 25, 2014) (approving a settlement agreement with a mutual general release).

In the response to the supplemental briefing order, counsel explained that Miloszewski was only releasing claims that had accrued as of the date of the Settlement Agreement. Doc. No. 70 at 6. As to the Court's concerns that Miloszewski might be releasing accrued FLSA claims against individuals or entities who might, in the future, be officers, directors, or successors of Wyndham, Miloszewski resolved the issue by stating that she had not worked for another employer within the three-year FLSA statute of limitations before the complaint was filed.

Under these circumstances, I recommend that the Court find that the Settlement Agreement is a fair and reasonable compromise of a *bona fide* dispute under the FLSA.

D. *Attorney's Fees and Costs.*

Because Miloszewski has compromised her FLSA claims, the Court must consider whether the payment to her attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Miloszewski agreed to accept. In this case, it is undisputed that Miloszewski owed her attorney fees equal to or in excess of $50,000.00, but that counsel agreed to accept the payments described in the Settlement Agreement as full payment of his attorney's fees. Doc. No. 70 at 3. As an indication of the reasonableness of these fees, counsel represented that the litigation has been contentious and that Wyndham has incurred over $150,000.00 in attorney's fees. *Id.* at 2-3. In the absence of an objection, I recommend that the Court find the amount of attorney's fees Miloszewski's counsel will receive is reasonable and does not taint the amount Miloszewski agreed to accept for resolution of her FLSA claims.

E. *Whether the Parties Have Stipulated to a Judgment Approving the FLSA Settlement.*

Although Miloszewski previously objected to a judgment approving the settlement, Miloszewski has withdrawn her objection. The parties are represented by counsel. Counsel and the parties agree that the settlement of the FLSA claims is fair and that the Court should approve the FLSA settlement and dismiss this case with prejudice. Accordingly, the parties stipulate to a judgment approving the FLSA settlement.

**IV.     RECOMMENDATION**

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **FIND** that the settlement of the FLSA claims is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT** the Joint Motion For . . . Approval Of FLSA Settlement And Dismissal Of Action With Prejudice (Doc. No. 67);

3. **ORDER** counsel for Miloszewski to provide a copy of the Court's Order to Miloszewski; and,

4. **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 17th, 2014.

                                        *Karla R. Spaulding*
                                        KARLA R. SPAULDING
                                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy